# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LISA GOLDEN<br><br>　　　　　　　　　Plaintiff,<br><br>v.<br><br>RICHARD KIPPERMAN, DAVID ORTIZ, and TIFFANY CARROLL<br><br>　　　　　　　　　Defendants. | Case No.:  20-cv-855 DMS (AGS)<br><br>**ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS** |

　　　Pending before the Court are Defendants' Motions to Dismiss.  (ECF No. 10, 14.) Plaintiff did not file a response in opposition.  For the following reasons, the motions are granted.

## I.
## BACKGROUND

　　　On November 15, 2017, Plaintiff Lisa Golden ("Plaintiff") filed a voluntary petition for relief under Chapter 7 of the United States Bankruptcy Code in the United States Bankruptcy Court for the Southern District of California.  *See* No.17-06928-MM7 (Bankr. S.D. Cal. 2017).  Defendant Richard Kipperman was thereafter appointed the Chapter 7 Trustee for Plaintiff's bankruptcy case, and he currently continues to serve in that capacity.

(Kipperman Mot. to Dis., ECF No. 10, at 1.) Defendants David Ortiz and Tiffany Carroll are employees of the Office of the United States Trustee. (Compl. at 4.) The Office of the United States Trustee supervises the administration of cases and trustees in bankruptcy cases commenced under Chapter 7, 11, and 13 of the Bankruptcy Code. *See* 28 U.S.C. § 586(a)(3). One of the primary functions of the United States trustee is to maintain and supervise a panel of private trustees, *see* 28 U.S.C. § 586(a)(1), but they may serve and perform the duties of a private trustee under certain circumstances. *See* 28 U.S.C. § 586(a)(2).

On May 6, 2020, Plaintiff filed the present *Bivens* claim, alleging that Defendants violated her Due Process and "Equal Access" rights and engaged in gender discrimination. (*Id.* at 3-4.) Specifically, Plaintiff contends Defendant Kipperman "illegally seized assets including real property and deprived [her] and [her] settled trust of [her] rights to these assets," "used gender discrimination to deprive [her]" of her assets, and "took numerous actions to deprive [her] of equal access to the litigation / defense of these assets." (*Id.* at 4.) Plaintiff alleges Defendant Tiffany Carroll "personally assisted in the deprivation of these assets and was responsible for hiring and supervising Richard Kipperman[] and David Ortiz." (*Id.* at 5.) Defendants' alleged acts occurred during the "administ[ration] of [Plaintiff's] bankruptcy estate in the United States Bankruptcy Court," and Plaintiff sued each Defendant for acts undertaken in their official capacity. (*See id.* at 2-4.) Defendants now move to dismiss Plaintiff's complaint. (ECF No. 10, 14.) For the following reasons, Defendants' motions are granted.

## II.
## LEGAL STANDARD

Federal Rule of Civil Procedure 8(a) requires a plaintiff to plead a claim with enough specificity to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007) (internal quotation marks omitted). A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims asserted in the complaint. Fed. R. Civ. P. 12(b)(6);

*Navarro v. Block*, 250 F.3d 729, 731 (9th Cir. 2001). In deciding a motion to dismiss, all material factual allegations of the complaint are accepted as true, as well as all reasonable inferences to be drawn from them, *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 338 (9th Cir. 1996), but a court need not accept all conclusory allegations as true. *Holden v. Hagopian*, 978 F.2d 1115, 1121 (9th Cir. 1992) (citation omitted). A motion to dismiss should be granted if a plaintiff's complaint fails to contain "enough facts to state a claim to relief that is plausible." *Twombly*, 550 U.S. at 544.

A complaint can also be dismissed for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). "It is a fundamental principle that federal courts are courts of limited jurisdiction." *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978). "A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stock West, Inc. v. Confederated Tribes of the Colville Reservation*, 873 F. 2d 1221, 1225 (9th Cir. 1989) (internal citations omitted). The party asserting subject matter jurisdiction has the burden of establishing it. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994).

## II.

## DISCUSSION

Defendants first move to dismiss Plaintiff's complaint for lack of subject matter jurisdiction because of the *Barton* doctrine and the doctrine of sovereign immunity. Defendants also move to dismiss Plaintiff's complaint for failure to state a claim because they are entitled to quasi-judicial immunity for actions undertaken in their official capacity. Each argument will be addressed in turn.

A. <u>*Barton* Doctrine</u>

First, Defendants allege the Court lacks jurisdiction over Plaintiff's claims against them because of the *Barton* doctrine. (Kipperman Mot. at 1; Carroll and Ortiz Mot. to Dis., ECF No. 14., at 5.) As applied in the Ninth Circuit, "the *Barton* doctrine requires 'that a party must first obtain leave of the bankruptcy court before it initiates an action *in another*

*forum* against a bankruptcy trustee or other officer appointed by the bankruptcy court for acts done in the officer's official capacity." *In re Harris*, 590 F.3d 730, 741 (9th Cir. 2009) (quoting *In re Crown Vantage, Inc.*, 421 F.3d 963, 970 (9th Cir. 2005)) (emphasis in original). Absent leave from the court that appointed the trustee, the other forum "lacks subject matter jurisdiction over the suit." *Id.* Because Plaintiff sued Defendants pursuant to acts taken in their official capacity, (Compl. at 2), and did not seek leave of the bankruptcy court (the appointing court), this Court lacks jurisdiction over her claims.[1] *In re Harris*, 590 F. 3d at 742. ("[a] court *other than* the appointing court has no jurisdiction to entertain an action against the trustee for acts within the trustee's authority as an officer of the court without leave of the appointing court.") (emphasis and alterations in original) (internal quotation marks and citations omitted).

B.  Sovereign Immunity

Next, Defendants contend the Court lacks subject matter jurisdiction because this suit is barred by sovereign immunity. (Carroll and Ortiz Mot. at 5.) The United States, as a sovereign, is immune from a suit unless it has waived its immunity. *See Dep't of Army v. Blue Fox, Inc.*, 525 U.S. 255, 260 (1999). "A court lacks subject matter jurisdiction over a claim against the United States if it has not consented to be sued on that claim." *Balser v. Dep't of Justice, Office of U.S. Trustee*, 327 F.3d 903, 910 (9th Cir. 2003). "When the United States consents to be sued, the terms of its waiver of sovereign immunity define the extent of the court's jurisdiction." *U.S. v. Mottaz*, 476 U.S. 834, 841 (1986) (citing *U.S. v. Sherwood*, 312 U.S. 584, 586 (1941)).

In *Balser v. Department of Justice, Office of U.S. Trustee*, the Ninth Circuit held that a suit against the Office of the United States Trustee is a suit against the United States. *See*

---

[1] Although the Court lacks jurisdiction based on the *Barton* doctrine, pro se pleadings must be construed liberally. *See Draper v. Rosario*, 836 F.3d 1072, 1080 (9th Cir. 2016) (internal citations omitted). Accordingly, the Court will address Defendants' other arguments.

*Balser*, 327 F.3d at 907. Here, Plaintiff sued all three Defendants in their "official capacity." (*See* Compl at 2-3.) When analyzing sovereign immunity, any lawsuit against an agency of the United States or against an officer of the United States in his or her official capacity is considered an action against the United States. *See Sierra Club v. Whitman*, 268 F.3d 898, 901 (9th Cir. 2001). Accordingly, Plaintiff's claims must be considered as an action against the United States. As such, Plaintiff's claims are barred by sovereign immunity.

Furthermore, Plaintiff brought her claims as a *Bivens* action. (*See* Compl. at 3.). To the extent that Plaintiff assert a *Bivens* action, "[her] claim does not abridge sovereign immunity because a *Bivens* suit is against a federal employee 'in his individual rather than official capacity.'" *Balser*, 327 F.3d at 909 (9th Cir. 2003) (citing *Holloman v. Watt*, 708 F.2d 1399, 1401 (9th Cir. 1983)). "The existence of a *Bivens* claim … does not state a viable cause of action against the United States trustee acting in his official capacity." *Id.; see also Consejo de Dessarollo Economico de Mexicali, A.C. v. United States*, 482 F.3d 1157, 1172 (9th Cir. 2007) ("[A] Bivens action can be maintained against a defendant in his or her individual capacity only, and not in his or her official capacity.") (alteration in original) (internal quotation marks and citations omitted). Here, Plaintiff sued each of the Defendants in their official capacity, and as such, her complaint is "merely…another way of pleading an action against the United States, which would be barred by the doctrine of sovereign immunity." *See Consejo de Dessarollo Economico de Mexicali, A.C.*, 482 F.3d at 1172. Plaintiff "does not claim damages based on the past unconstitutional acts of Federal officials in their individual capacities," therefore the Court lacks "subject matter jurisdiction over the claim because the United States has not consented to its officials being sued in their official capacities." *See id.*

C. Quasi-Judicial Immunity

Defendants also contend they are subject to quasi-judicial immunity from liability for acts taken within the scope of their authority. (Kipperman Mot. at 2; Carroll and Ortiz Mot. to Dis., ECF No. 14, at 3–4.) "Bankruptcy trustees are entitled to broad immunity

5

20-cv-855 DMS (AGS)

from suit when acting within the scope of their authority and pursuant to court order." *Bennett v. Williams*, 892 F.2d 822, 823 (9th Cir. 1989). "[C]ourt appointed officers who represent the estate are the functional equivalent of a trustee." *In re Harris*, 590 F.3d at 742. Because trustees "[perform] many of the functions that had been assigned previously to the bankruptcy judge," they are eligible for derived quasi judicial-immunity. *See Balser*, 326 F.3d at 910 ("In light of the fact that United States trustees assume the judicial functions historically vested in bankruptcy and district courts, the actions of the United States trustees logically must be cloaked in the same immunity.")

All Defendants here are bankruptcy trustees and are therefore eligible for derived quasi-judicial immunity. To qualify for quasi-judicial immunity, the trustee must establish: "(1) their acts were within the scope of their authority; (2) the debtor had notice of their proposed acts; (3) they candidly disclosed their proposed acts to the bankruptcy court; and (4) the bankruptcy court approved their acts." *In re Harris*, 590 F.3d at 742.

Here, Plaintiff alleges that Defendant Kipperman "illegally seized assets including real property and deprived [her] and [her] settled trust of [her] rights to these assets." (Compl. at 4.) Plaintiff is clear in her complaint, however, that her allegations arise out of the bankruptcy court proceedings: "instead of administering the estate, Richard Kipperman set upon a course of illegally seizing assets in collusion with his personal friend and professional peer Judge Margaret Mann, including over $3,000,000.00 of real property and in excess of $100,000.00 in rents from said property[.]" (Compl. at 4.) In his declaration, Kipperman states that any seizure of asserts was undertaken pursuant to notice, an opportunity for hearing, and a court order, pursuant to the rules of the bankruptcy court. (Ex. A. to Kipperman Mot. at ¶ 6.) Furthermore, Kipperman provides a list of notices from the bankruptcy court, arguing they "exemplify that certain material acts of which Plaintiff complains were only achieved after appropriate notice, an opportunity to be heard and Bankruptcy Court approval, within the course and scope of [his] duties as trustee." (*Id.* at ¶ 7.) Indeed, Plaintiff's only claims against Kipperman result from the seizure of assets as part of the bankruptcy case. Accordingly, the Court finds Kipperman is eligible for

quasi-judicial immunity. Because Plaintiff's only claims against Carrol and Ortiz arise out of their alleged supervision of Kipperman, they are also eligible for quasi-judicial immunity. (*See* Compl. at 4) ("Richard Kipperman was hired and appointed by David Ortiz and Tiffany Carroll for the purpose of administering a bankruptcy estate in the United States Bankruptcy Court.")

### D. Leave to Amend

Generally, leave to amend is granted "even if no request to amend the pleading was made, unless [the court] determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (citation omitted)). Although plaintiffs proceeding *pro se* should be given an opportunity to amend their complaints to overcome any deficiencies, leave to amend is not required when "it clearly appears the deficiency cannot be overcome by amendment." *See Ashelman v. Pope*, 793 F.2d 1072, 1078 (9th Cir. 1986) (affirming district court's dismissal of *pro se* complaint without leave to amend because plaintiff's complaint did not include "allegations sufficient to overcome judicial and prosecutorial immunities."). Plaintiff fails to plead facts to show this Court has jurisdiction. Moreover, Defendants' immunities to Plaintiff's claims could not be overcome by any amendment. Accordingly, the Court declines to grant Plaintiff leave to amend.

### III.
### CONCLUSION AND ORDER

For these reasons, Defendants' motions are granted.

**IT IS SO ORDERED.**

Dated: September 9, 2020

_____
Hon. Dana M. Sabraw
United States District Judge